**SMITH, Plaintiff-Appellee, v. GREENVILLE-DAYTON TRANSPORTATION COMPANY, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 707. Decided March 27, 1953.

Spidel, Staley & Hole, Greenville, for plaintiff-appellee.

Pickrel, Schaeffer & Ebeling, Mr. William H. Selva, Of Counsel, Dayton, and Marchal & Marchal, Vernon Marchal, Of Counsel, Greenville, for defendant-appellant.

## OPINION

By MILLER, J.:

This is a law appeal from the judgment of the Common Pleas Court rendered upon the verdict of a jury in favor of the plaintiff in the sum of $3,000.00. The action was one for damages for personal injuries alleged to have been received by the plaintiff while a bus passenger of the defendant corporation. The amended petition sets forth two specific acts of negligence as the proximate cause of her injuries, to wit:

(1) The agent and employee of the defendant, while acting in the course of his employment, failed to keep a lookout in the direction in which he was walking so that he collided with the plaintiff.

(2) Defendant, through its agent and employee, acting in the course of his employment, disregarded the rights of plaintiff and her position as a passenger of the defendant company in standing on said loading platform.

The answer admits the corporate capacity of the defendant but generally denies all other averments contained in the petition not admitted to be true.

The record reveals that on January 9, 1951, the plaintiff purchased from the defendant corporation at its Greenville office one round-trip bus ticket to Dayton, Ohio; that she went to Dayton on the morning bus and intended to return to Greenville on the bus leaving Dayton at 5:15 P. M.; that at approximately 5:00 P. M. she arrived at the loading dock of the defendant and while waiting for said bus, which had not yet appeared, she was bumped into and knocked to the platform by an employee of the defendant, named Harry Delk. It appears that Delk was an employee of the defendant whose duty it was to drive the bus for which the plaintiff was waiting, but he had not as yet driven the same to the loading dock as the space was at that time occupied by another bus. Just prior to the injury complained of, Delk had been talking to two women on the loading platform and immediately back of him stood the plaintiff; that Delk turned around and in so doing bumped into the plaintiff with such force as to cause her to fall to the platform. It was the contention of the defendant that Delk was employed only to drive the bus and that while he was waiting to resume his duties he was not an employee but was free to do anything he might desire; that he was

in no manner acting in behalf of the defendant while holding a private conversation with the two friends. We find evidence in the record tending to support the defendant's views. However, the record discloses that it was the custom of the drivers while waiting for their time to depart, to assist the other drivers in loading and unloading their baggage. This was the individual duty of the driver of each bus, it appears, and the other drivers were not instructed to assist in the performance of these duties. The plaintiff urges that if Delk was there for this purpose he was at the time engaged in the furtherance of the defendant's business and was therefore acting within the scope of his employment. This became a factual question which was properly submitted to the jury.

We are therefore of the opinion that the Court did not err in refusing to direct a verdict in favor of the defendant at the close of all the evidence and also properly overruled the defendant's motion for a judgment non obstante veredicto.

It is next urged that the Court erred in refusing to submit the defendant's interrogatories 1 and 2 to the jury. These read as follows:

No. 1. "Do you find that Harry Delk was negligent at the time and place set forth in plaintiff's amended petition?  A. ———————————"

No. 2. "If your answer to interrogatory No. 1 is 'Yes', please state of what such negligence consisted.  A. ———————————"

It appears that the trial court refused to submit these interrogatories for the reason that negligence is the failure to exercise ordinary care and that in this case since the highest degree of care was required, ordinary care would not be pertinent. We are of the opinion that the court properly found as a matter of law that the plaintiff was a passenger under all the facts appearing and that as such the defendant owed to her the highest degree of care, but we are of the opinion that the interrogatories seeking to determine whether Harry Delk was negligent and if so, of what such negligence consisted, were quite pertinent to the issues in this case and the defendant was entitled to this information as a matter of law under §11420-17 GC. Davison v. Flowers, 123 Oh St 89; Masters v. New York Central Railroad Company, 147 Oh St 293; Bradley v. Mansfield Rapid Transit, Inc., 154 Oh St 154; Mellon v. Weber, 115 Oh St 91. The trial court erred, it seems, in the conclusion that "negligence" always means the lack of ordinary care. It is quite true that courts have often so defined the term in those cases wherein the defendant owes such a duty to the plaintiff, but actionable negligence is much broader in its scope than the application given it by the trial judge in giving consideration to these interrogatories. In discussing the term "actionable negligence" in 29 O. Jur., 384, it is said:

"4. **Actionable Negligence.**—It has been asserted that there is no negligence, unless it be actionable negligence; that negligence is a term that is used to designate that, upon which, if it exists, an action can be predicated to recover. * * * Actionable negligence is a failure of duty, the omission of something which ought to have been done, or the doing of something which ought not to have been done. * * *"

And it is further stated at page 391:

"'Negligence', as the term is used in the law, is a recognized ground of legal liability. Every person, in the conduct of his affairs, is under a

legal duty to act with care and forethought; and if injury results to another from his failure so to do, he may be held accountable in an action at law. An action for negligence involves three essential elements: First, the existence of a duty owing by the defendant to the plaintiff; second, defendant's failure to discharge that duty; third, injury to plaintiff proximately resulting from such failure."

Since the petition sets forth two specific acts of negligence it clearly seems prejudicial to deny the defendant the right to test the general verdict in accordance with the provisions of the General Code.

We have given consideration to all of the other errors assigned and find none of which to be well taken. For the reasons heretofore indicated the judgment will be reversed and cause ordered remanded for further proceedings according to law.

WISEMAN, PJ, and HORNBECK, J, concur.